# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                      Case No. 07-CR-157

TIMOTHY E. ROBINSON,

    Defendant.

## ORDER DENYING DEFENDANT'S REQUEST FOR AN EVIDENTIARY HEARING

On June 19, 2007, the grand jury returned a two count indictment alleging that Timothy E. Robinson ("Robinson") possessed a firearm (count one) and ammunition (count two) after having previously been convicted of a felony, in violation of Title 18, United States Code, Section 922(g)(1) and 924(a)(2).

On August 30, 2007, Robinson filed a motion to suppress evidence and requested an evidentiary hearing. The basis for the defendant's request is that the affidavit in support of the application for the search warrant omitted certain crucial facts which, if included, would have defeated probable cause. Robinson requested an evidentiary hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978). The government has not responded to Robinson's request for an evidentiary hearing. A final pretrial conference is scheduled for October 9, 2007 and a jury trial is scheduled to commence on October 15, 2007 before the Honorable J.P. Stadtmueller.

Police officers obtained a search warrant for Robinson's residence based upon information received from Symone Evans ("Evans"). According to the affidavit, Evans saw Robinson, who is a convicted felon, with a black semi-automatic handgun in his residence within the last twenty-four hours. The affidavit further states that Evans has demonstrated to be knowledgeable about firearms, has known Robinson for thirteen years, and is familiar with his criminal history. The affidavit also states that Evans told the affiant "the fact that she has outstanding warrants in Ozaukee County regarding Damage to Property."

Robinson argues that if the facts related to this criminal damage to property case had been included in the affidavit, no finding of probable cause would have been made. Specifically, Robinson points to the fact that the victim of the Ozaukee County incident was Robinson and Evans was charged with the domestic abuse related charges of criminal damage to property and disorderly conduct for allegedly threatening Robinson verbally, chasing him with a knife, and damaging his car after she learned that Robinson, Evans' ex-boyfriend, was at the Sybaris Pool Suites with someone else. (Docket No. 12-3 at 3.) As a result of this incident, the court ordered Evans not to have contact with Robinson. (Docket No. 12-3 at 4.) This incident occurred on March 27, 2007, and Evans failed to appear on April 17, 2007 after having been released on bond and a warrant was issued for her arrest. (Docket No. 12-3 at 1.) The affidavit was signed on May 1, 2007. (Docket No. 12-2 at 4.)

> The Seventh Circuit tests an affidavit's allegedly omitted statements under the same standard that the Franks Court has established for false statements. United States v. Williams, 737 F.2d 594, 604 (7th Cir. 1984). The omission of a fact from an affidavit is material only if it amounts to deliberate falsehood or reckless disregard for the truth. United States v. Kimberlin, 805 F.2d 210, 252 (7th Cir. 1986). Mere negligence by the affiant does not constitute reckless disregard for the truth. United States v. A Residence Located at 218 Third Street, 805 F.2d 256, 258 (7th Cir. 1986). Nor is an omission material if, in context, the information was of such minimal significance that its omission could not reasonably have affected the magistrate's judgment in finding probable cause to search. Kimberlin, 805 F.2d at 251.

United States v. McNeese, 901 F.2d 585, 594 (7th Cir. 1990).

At this point, the court is unable to conclude that if the information relating to Evans' arrest had been included in the affidavit it would have precluded a finding of probable cause. If the warrant would still have been issued, it will not be necessary to consider "direct evidence of the affiant's state of mind or inferential evidence that the affiant had obvious reasons for omitting facts in order to prove deliberate falsehood or reckless disregard." Id. (citing 218 Third Street, 805 F.2d at 259). Thus, at this time, the court finds no reason to grant the defendant's request for a Franks hearing. Instead, the court will give the parties the opportunity to brief the issue of whether the inclusion of the allegations relating to Evans' arrest would have effected a finding of probable cause. Only if necessary, will the court address whether the defendant has met his burden in demonstrating the affiant's state of mind; to make that determination, an evidentiary hearing may be needed. Briefing shall continue upon the previously established briefing schedule, (see Docket No. 6), with the government's response due on September 10, 2007 and the defendant's reply due no later than September 17, 2007. The parties' respective briefs shall discuss the probable cause issue presented above.

**IT IS THEREFORE ORDERED** that the defendant's request for an evidentiary hearing is **denied** without prejudice.

Dated at Milwaukee, Wisconsin this 7th day of September, 2007.

AARON E. GOODSTEIN
U.S. Magistrate Judge